IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>for the use of LANDMARK CONSTRUCTION<br>COMPANY, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>LW CONSTRUCTION OF CHARLESTON, LLC,<br>and TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA,<br><br>        Defendants. | C.A. No. 3:14-cv-00542-CMC<br><br>OPINION AND ORDER<br>DENYING MOTIONS TO<br>DISMISS AND STAY |

Through this action, Landmark Construction Company ("Landmark"), seeks recovery for work it performed on a federal construction project at Fort Jackson Cemetery in South Carolina ("Project"). Landmark performed this work under a subcontract with Defendant LW Construction of Charleston, LLC ("LW Construction"), that served as the prime contractor. Payment for labor, material, and equipment provided by subcontractors such as Landmark was guaranteed by a labor and material payment bond ("Bond") between LW Construction and Defendant Travelers Casualty and Surety Company of America ("Travelers").

Landmark asserts two claims in this action: a breach of contract claim against LW Construction; and a claim on the Bond under the Miller Act, 40 U.S.C. §§ 3131-33 (formerly 40 U.S.C. §§ 270a-270d).[1] The Miller Act claim is asserted jointly against LW Construction and Travelers. ECF No. 9 (Amended Complaint). This court has subject matter jurisdiction in light of the Miller Act claim.

---

[1] The complaint cites the older version of the Miller Act.

LW Construction has moved to dismiss the action based on a forum selection clause found in the subcontract between Landmark and LW Construction. ECF No. 18. Travelers has moved to stay based, in part, on an argument derivative of LW Construction's motion to dismiss. ECF No. 17. Both motions are denied for reasons set forth below.

## MOTION TO DISMISS

LW Construction's motion to dismiss relies on two arguments: (1) that LW Construction is not a proper defendant on the Miller Act claim; and (2) that this court may not assert jurisdiction over this action in light of the forum selection clause in the subcontract between Landmark and LW Construction. ECF No. 18. Neither argument is persuasive.

**Proper Defendant.** By its plain language, the Bond binds both the Principal (LW Construction) and Surety (Travelers). ECF No. 23-1 at 1 (stating under "Obligation" that "We, the Principal and Surety(ies), are firmly bound to the United States of America . . . in the above penal sum. For payment of the penal sum, we bind ourselves . . . jointly and severally.") It was, therefore, Landmark's right to sue either LW Construction or Travelers or both on the Miller Act claim. *See Apex Roofing and Insul., Inc., v. Union Indem. Ins. Co. of N.Y.*, 865 F.2d 1226, 1227 (11th Cir. 1989) (addressing bond with language nearly identical to that quoted above and holding subcontractor could proceed against either principal or surety or both). It follows that LW Construction is a proper defendant on the Miller Act claim.

**Invalid Forum Selection Clause.** The forum selection clause in the subcontract reads, in relevant part, as follows: "The exclusive forum for the resolution of disputes under this agreement shall be the court of Common Pleas, Non-Jury Term, for Charleston County, South Carolina." ECF No. 18-1 at 21 (addendum to ¶ 6.2 of subcontract). A number of courts have found forum selection

clauses invalid and unenforeceable as to Miller Act claims because such provisions deprive the federal court of its exclusive jurisdiction under the Miller Act. *See, e.g., B&D Mech. Contractors, Inc., v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115 (10th Cir. 1995) (holding forum selection clause that limited venue to a particular county of the state was invalid because it limited jurisdiction to "a state court forum")[2]; *Trinity Indus. Serv., LLC v. Fed. Ins. Co.*, No. 5:12-cv-203(MTT), 2012 WL 4928907 (M.D. Ga. Oct. 16, 2012) (finding forum selection clause that expressly required action to originate in state court invalid even though subsequent removal or transfer to federal court was ostensibly authorized); *Quality Trust, Inc. v. Cajun Contractors, Inc.*, No. 04-4157-SAC, 2005 WL 767815 (D. Kan. Mar. 31, 2005) (finding forum selection clause that expressly limited jurisdiction to state court invalid).[3] For the reasons addressed in these decisions, this court finds the forum selection clause at issue here, which expressly limits venue to a state-court forum, invalid as to the Miller Act claim.

The court reaches the same conclusion as to the state law breach of contract claim. As explained in *Trinity*, "applying the forum selection clause to dismiss the state law claims while the Miller Act claim remains pending in federal court would be an unreasonable result." *Trinity* at *4

---

[2] The subcontract at issue provided "that any claims arising under the contract shall be governed by Texas state law 'and exclusive venue shall be proper in Bexar County, Texas.'" *B&D Mech.*, 70 F.3d at 1117. The parties seeking dismissal argued that this language "'designate[d] a state court forum only.'" *Id.* Apparently accepting this characterization of the clause, the court held that "[t]he parties selection of a state court forum is fatal to the clause's enforceability." *Id.* The court also rejected an argument for transfer to a different federal district made in a supplemental brief because to accept this argument would be to "rewrite the subcontract to choose a valid forum for [the parties." *Id.* at 1118. Thus, the court appears to have independently construed the clause to limit venue to a state court.

[3] Unlike the clause at issue in *B&D Mech.*, which might have been interpreted to authorize venue in the federal court covering the specified county, the clauses at issue in *Trinity Indus.* and *Quality Trust* expressly limited venue to a state court forum.

(noting the absence of authority to support movant's argument that, in the event the court denied the motion as to the Miller Act claim, the state law claims should be dismissed and the Miller Act claim stayed). The motion to dismiss is, therefore, denied in full.

## MOTION TO STAY

Travelers argues that the matter should be stayed as to it for two reasons. First, it argues that the Miller Act claim against it should not proceed until the contract claim is resolved in state court. This argument fails because the court has not dismissed the contract claim against LW Construction.

Travelers also argues that the matter should be stayed pending resolution of a related dispute between LW Construction and the Project owner, which must be resolved under the Contract Disputes Act, 41 U.S.C. §§ 7101 *et seq*. ECF No. 17 at 3-4. For reasons argued by Landmark, the court is not persuaded that the present litigation is dependent on the outcome of the separate dispute between LW Construction and the Project owner, even though resolution of that dispute may provide additional funds with which to pay Landmark's claims. *See* ECF No. 22 at 6-7. The motion to stay is, therefore, denied in full.

## SCHEDULING MATTERS

Through their Fed. R. Civ. P. 26(f) reports, the parties indicate an inability to agree on a schedule for pretrial proceedings. This appears, at least in part, to be due to the pendency of the present motions. **In light of the resolution of the motions to dismiss and stay, the court directs the parties to again confer regarding a schedule and either file a proposed consent amended scheduling order or a renewed request for a scheduling conference within two weeks of entry of this order.**

## CONCLUSION

For the reasons set forth above, the motion to dismiss and motion to stay are both denied and the parties are directed to address scheduling matters as indicated above.

IT IS SO ORDERED.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
June 3, 2014